**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| EDGAR VERNELL FUTRELL, | ) |
|  | ) |
| Plaintiff, | ) No. 4:20-CV-277 RLW |
|  | ) |
| v. | ) |
|  | ) |
| TIAA BANK, | ) |
|  | ) |
|  | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant TIAA Bank's Motion to Dismiss for Failure

to State a Claim Pursuant to FRCP 12(b)(6) (ECF No. 11) and TIAA Bank's Motion to Strike

Plaintiff's Summary of Evidence Pleading (ECF No. 20). These matters are fully briefed and ready

for disposition.

## **BACKGROUND**[1]

Plaintiff Edgar Vernell Futrell ("Futrell") brought this lawsuit against TIAA Bank

("TIAA") in St. Louis County Circuit Court, Case No. 20SL-CC00241. Futrell's Petition was

entitled "Breach of Contract of Financial Misconduct (Fraud)" (hereinafter, "Petition"). Futrell

modified the Petition with his "Amendment Pursuant to Supreme Court Rule 55 Breach of

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

Contract for Financial Misconduct (Fraud) (hereinafter, the "Amendment"). The Court refers to the Petition and the Amendment collectively as the ("Amended Petition").[2]

Futrell alleges he obtained a 30-year mortgage on January 19, 1995, with an original balance of $59,000. Futrell alleges TIAA committed "fraudulent misconduct" by only applying $107.00 each month towards his principle balance on his 30-year loan. (ECF No. 7 at 2). Because of this "fraud," Futrell contends that the balance on his mortgage remains at $58,000. In the Amendment, Futrell seeks relief related to a loan agreement with Beneficial Mortgage Company that originated in 1999 and a residential sales contract, dated December 30, 1994. (ECF No. 8).

## DISCUSSION

### I.    MOTION TO DISMISS

In his Petition, Futrell alleges ten claims against TIAA. (ECF No. 7 at 3-4). Viewed liberally, Futrell appears to allege that his mortgage should be paid off in 30 years, which cannot be accomplished if only $107.00 of his $570.00 monthly payment is applied to the principal balance. Futrell contends that this is a "violation of the law that governs sales of real estate" and renders the contract "void" on its face. (ECF No. 7 at 3). Futrell further alleges that the agreement was entered into under false pretenses and TIAA committed financial misconduct. (ECF No. 7 at 3-4). In his request for specific relief, Futrell asks the Court to award him the full amount he has paid over 25 years ($171,000) and to provide him with the deed to the property as punitive damages. (ECF No. 7 at 5). The Amendment includes six additional claims, apparently based upon prior loan transactions with Beneficial Mortgage Company, dating back to 1994 and 1999. (ECF No. 8).

---

[2] Futrell's first amendment, date-stamped January 28, 2020, was superseded by his second amendment, filed on January 29, 2020. In a note to the second amendment, Futrell asked the state court to "rescind the other amendment sent to the court."

## A. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S 544, 570 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

## B. Breach of Contract Claims

To state a claim for breach of contract under Missouri law, a plaintiff "must establish the existence of a valid contract, the rights of plaintiff and obligations of defendant under the contract, a breach by defendant, and damages resulting from the breach." *Gillis v. Principia Corp.*, 832 F.3d 865, 871 (8th Cir. 2016) (citing *Lucero v. Curators of Univ. of Mo.*, 400 S.W.3d 1, 5 (Mo. Ct. App. 2013)). Therefore, Futrell must identify which rights or obligations TIAA breached under the contract in order to establish a claim for breach of contract. *Id.*

Futrell has not alleged how TIAA breached an agreement with him. TIAA was not a party to the loan documents referenced in the Petition or in the Amendment. Futrell does not mention that his only loan with Everbank, now TIAA, occurred in September of 2013 in the amount of $65,000 at an interest rate of 5.125%. *See* ECF No. 12-1.[3] In exchange, Futrell agreed

---

[3] The Court can consider the loan document attached as Exhibit A to the Motion to Dismiss because the loan documents are referenced in the Amended Petition and are necessarily embraced by the pleadings. *See Enervations, Inc. v. Minn. Mining & Mfg. Co.,* 380 F.3d 1066, 1069 (8th Cir. 2004) (quotations omitted) ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters

to pay $356.64 for principal and interest for 30 years. Futrell's claim that he has been paying his

loan for 25 years cannot apply to his contract with TIAA. In addition, TIAA Bank records show

that it does not apply only $107 of his $570 monthly payment to the principal balance. Rather,

TIAA records show that Futrell's full monthly payment is $564.65, with $356.64 applied to

principal and interest and approximately $107 applied to escrow for property taxes. *See* TIAA

First Payment Letter and First Payment Coupon, ECF No. 12-2.[4] Thus, the Court holds that

Futrell has not identified a breach by TIAA or damages resulting from said breach. The Court

dismisses Futrell's claims for breach of contract.

### C. Fraud Claims

The elements of a cause of action for fraudulent misrepresentation are set out in *Hess v.*

*Chase Manhattan Bank, USA, N.A.,* 220 S.W.3d 758, 765 (Mo. banc 2007), as

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's
> knowledge of its falsity, or ignorance of its truth; (5) the speaker's intent that it
> should be acted on by the person and in the manner reasonably contemplated;
> (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's
> reliance on the representation being true; (8) the hearer's right to rely thereon;
> and (9) the hearer's consequent and proximately caused injury. *Heberer v.*
> *Shell Oil Co.,* 744 S.W.2d 441, 443 (Mo. banc 1988); *see Trimble v. Pracna,*
> 167 S.W.3d 706, 712–13 (Mo. banc 2005) (reversing denial of JNOV on
> fraud).

*See also* M.A.I. 23.05; *Larabee v. Eichler*, 271 S.W.3d 542, 546 (Mo. 2008). Under Rule 9(b),

"the circumstances constituting fraud ... shall be stated with particularity." Rule 9(b)'s

"particularity requirement demands a higher degree of notice than that required for other claims,"

---

outside the pleading."); *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012).
Documents necessarily embraced by the pleadings include "documents whose contents are alleged
in a complaint and whose authenticity no party questions, but which are not physically attached to
the pleading." *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir.2003) (citing *In re*
*Syntex Sec. Litig.,* 95 F.3d 922, 926 (9th Cir.1996)).

[4] The TIAA payment records likewise are embraced by the Amended Petition and do not convert
the Motion to Dismiss into a Motion for Summary Judgment under Fed. R. Civ. P. 12(d).

and "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *United States ex rel. Costner v. URS Consultants, Inc.,* 317 F.3d 883, 888 (8th Cir.2003) (citing *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 920–21 (8th Cir. 2001)). To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. *See, e.g., Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1012 (11th Cir. 2005); *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 746 (8th Cir. 2002). Put another way, the complaint must identify the "who, what, where, when, and how" of the alleged fraud. *U.S. ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003) (citing *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 550 (8th Cir.1997)); *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006).

The Court holds that Futrell fails to allege any facts identifying the who, what, when where, and how of TIAA's allegedly fraudulent misconduct. Instead, Futrell maintains that TIAA only applies $107.00 of each monthly payment towards the loan, which misleads Futrell into thinking his loan will be paid off in thirty years. As discussed, Futrell's fraud allegations are belied by the records (ECF No. 12-2 (EverBank First Payment Letter and First Payment Coupon to Futrell and his wife). And, Futrell fails to discern any allegedly fraudulent representations, other than the term provision in the Note. Therefore, the Court dismisses Futrell's fraud claims for failure to state a claim.

**D. Actions in the Amendment are Directed to Other Parties**

Futrell's Amendment attempts to assert six additional claims related to prior loan transactions in 1994 and 1999. Futrell seeks relief from Beneficial Mortgage Company. However,

TIAA Bank provided the loan to Futrell in 2013, years after the original loans. Therefore, the Court dismisses the claims in the Amendment because they are improperly directed at TIAA instead of Beneficial Mortgage Company.

### E. Limitation of Actions

Even if TIAA were the proper party to the six claims in Futrell's Amendment, those claims are barred by the applicable statute of limitations. Breach of contract claims based upon loan documents must be brought within 10 years in Missouri. Mo. Rev. Stat. §516.110. An action for fraud must be discovered within ten years of the facts constituting the fraud. Once the fraud is discovered, an action must be brought within five years. Section 516.120(5).

Futrell's allegations affirm that his causes of action accrued more than ten years ago. Futrell alleges that on October 17, 1999, he paid $738.00 for a mortgage payment and zero went to the principal balance. Likewise, Futrell alleges that on October17, 1999, he refinanced the amount owed of $46,351.57, which made his principal balance $66,178.97. Futrell contends that the increase of $20,000 in principal was "ludicrous" and is the basis for his financial misconduct claim against TIAA. Futrell clearly was aware as of 1999 of his fraud and financial misconduct causes of action based upon this $20,000 increase in his loan amount. Thus, the Court holds that Futrell's claims against TIAA based upon these prior loan transactions also fail because they are barred by the statute of limitations.

### II.    MOTION TO STRIKE

Under Fed. R. Civ. P. 12(f), the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The District Court enjoys "broad discretion" in determining whether to strike a party's pleadings. *Airstructures Worldwide,*

*Ltd. v. Air Structures Am. Techs., Inc.*, No. 4:09CV10 CDP, 2009 WL 792542, at \*1 (E.D. Mo. Mar. 23, 2009).

Futrell filed a Summary of Evidence, which appears to address evidence related to a loan transaction that occurred in 1999 with Beneficial Mortgage Company of Missouri. (ECF No. 19). Exhibit C to the Summary of Evidence is a Deed of Trust, dated May 25, 1999, which lists Futrell and his wife as the Grantors and Beneficial Mortgage Company of Missouri as the Trustee. (ECF No. 19-1). Evidence related to Futrell's contract with Beneficial Mortgage Company of Missouri is irrelevant to the instant litigation. The Court strikes the Summary of Evidence because it is immaterial to Futrell's claims against TIAA. Additionally, the Court strikes the Summary of Evidence because it is not a permissible pleading under Fed. R. Civ. P. 7(a). The Court, therefore, grants TIAA's Motion to Strike Futrell's Summary of the Evidence (ECF No. 19)

Accordingly,

**IT IS HEREBY ORDERED** that Defendant TIAA Bank's Motion to Dismiss for Failure to State a Claim Pursuant to FRCP 12(b)(6) (ECF No. 11) is **GRANTED**. Plaintiff's claims are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendant TIAA Bank's Motion to Strike Plaintiff's Summary of Evidence Pleading (ECF No. 20) is **GRANTED**. Plaintiff's Summary of the Evidence (ECF No. 19) is **STRICKEN**.

An appropriate Judgment is filed herewith.

Dated this /8th day of August, 2020.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**